IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELVIA LEIJA, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-16-CV-01138-FB |
| ALAMO COMMUNITY COLLEGE DISTRICT, | § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Alamo Community College District's Bill of Costs [#57]. Defendant's Bill of Costs was referred to the undersigned for disposition on November 6, 2018 [#60]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In issuing this recommendation, the undersigned has also reviewed Plaintiff Elvia Leija's Objection to Defendant's Bill of Costs [#58] and Defendant's Response to Plaintiff's Objections to Defendant's Bill of Costs [#59]. For the reasons that follow, the undersigned will recommend granting Defendant's request for costs associated with deposition transcripts and copies of Plaintiff's administrative record but deny the request for costs associated with video recordings of depositions.

**I.  Background**

The record reflects that on September 24, 2018 the District Court adopted the undersigned's report and recommendation, granted Defendant Alamo Community College District's Motion for Summary Judgment, and dismissed Plaintiff's employment discrimination

1

claims against Defendant with prejudice [#55, #56]. Defendant, as the prevailing party, filed its Bill of Costs on October 4, 2018, requesting $6,590.65 in costs associated with the written transcripts of the depositions of Plaintiff, Harold Whitis, Grace Zapata, and Richard Silva and the video recordings of Plaintiff's and Silva's depositions. Defendant also requests $99.45 in costs associated with making copies of Plaintiff's Equal Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC") Civil Rights Division files. Defendant claims these costs were necessarily obtained for use in the case and are therefore recoverable from Plaintiff. Plaintiff generally opposes Defendant's Bill of Costs and asks the Court to deny all of the costs requested because she brought her lawsuit in good faith and she would be financially burdened by an order assessing costs against her.

## II. Analysis

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" in an action. Taxable costs are expressly recoverable pursuant to 28 U.S.C. § 1920. Section 1920(2) authorizes recovery of costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(4) authorizes recovery of the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). "[A] district court has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the

attorney." *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363–64 (5th Cir. 1983) (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 336 (5th Cir. 1981)).

Defendant should be permitted to recover its costs for the four deposition transcripts and the copies of Plaintiff's EEOC and TWC files. "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman*, 920 F.2d at 285. "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Id.* Plaintiff does not raise any specific argument in her objections asserting that the deposition transcripts and administrative files were not obtained for use in this case. And the undersigned cannot identify one. As noted by Defendant, the transcripts at issue are for the deposition of Plaintiff and Defendant's employees who were key witnesses in this case, such as Plaintiff's supervisor and those responsible for the promotion decisions at issue in this lawsuit. Additionally, these documents were the primary evidence offered by the parties in support of and in opposition to Defendant's motion for summary judgment. (*See* Pl's. Dep. [#38-1] at 6; Whitis Dep. [#38-1] at 101; Silva Dep. [#38-1] at 175; TWC Charge [#38-4] at 2; EEOC Dismissal [#38-4] at 17; Zapata Dep. [#44-3] at 1.)

The District Court should not award costs for the two video recordings of Plaintiff's and Silva's depositions. Again, Section 1920(2) expressly authorizes recovery of costs for "fees for printed *or* electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). District courts diverge on their interpretation of Section 1920(2) and whether the statute should be read inclusively to allow for the recovery of costs for both print and video depositions or disjunctively to allow for the recovery of only one or the other. *See Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786 (N.D. Tex. 2014) (collecting

conflicting cases on statutory interpretation of Section 1920(2) but ordering recovery of costs associated with both deposition transcripts and video recordings, regardless of use at trial). The consensus in the Western District of Texas is, however, to allow the recovery of the costs of videotaped depositions only where the video recordings are actually used at trial. *See, e.g.*, *Two–Way Media, LLC v. AT&T Servs., Inc.*, No. SA-09-CA-00476-OLG, 2013 WL 12090356, at *3 (W.D. Tex. Nov. 22, 2013); *Taylor v. Seton Healthcare*, No. A-10-CV-650 AWA, 2012 WL 2396876, at *2 (W.D. Tex. June 22, 2012); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010). Because this case never proceeded to trial, the District Court should deny Defendant's request for the costs associated with the video recordings as duplicative of the written transcripts.

Finally, the undersigned agrees with Defendant that the fact that Plaintiff's suit was brought in good faith is insufficient alone to justify a denial of costs to Defendant. *See Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006) (finding an abuse of discretion where the district court denied costs based on an argument of "good faith" and noting that all litigants are obligated to bring suit in good faith under the Federal Rules of Civil Procedure). The Court also rejects Plaintiff's arguments regarding financial hardship as a basis for denying Defendant's request for costs. Plaintiff attaches a declaration to her Objections, which states that her "take home pay" each moth is $2,800.00 but she has significant monthly bills for student loans, diabetic medications, hospital bills, car payments, and personal loans that make her unable to pay $6,000.00 in Defendant's costs. (Leija Decl. [#58-1].)

"Inability to pay may be considered in some instances, such as where a plaintiff is of such modest means that it would be unjust or inequitable to enter a cost award." *Javeler Marine Servs. LLC v. Cross*, 175 F. Supp. 3d 756, 760 (S.D. Tex. 2016) (internal quotation omitted).

4

However, the Fifth Circuit has also held that the relative wealth of the parties is not a proper consideration in deciding to grant or deny an award of costs. *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 319–20 (5th Cir.2013). Moreover, the Fifth Circuit has repeatedly required parties to pay prevailing parties their costs even where they are indigent and proceeding *in forma pauperis*. *See, e.g.*, *Washington v. Paths*, 916 F.2d 1036, 1039 (5th Cir. 1990); *Calton v. City of Garland*, 170 Fed. App'x 338, 338 (5th Cir. 2006). Although Plaintiff contends she will suffer financial hardship if she is forced to pay Defendant's costs, Plaintiff is not of such modest means that a cost award is unjust in this case. *See Javeler Marine Servs. LLC*, 175 F. Supp. 3d at 760. The Fifth Circuit recognizes "a strong presumption that the court will award costs to the prevailing party." *See Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). Despite Plaintiff's financial circumstances, the undersigned still recommends that Plaintiff remain liable to Defendant for its costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d) but at an amount reduced by the cost of the videotaped depositions.

### III. Conclusion and Recommendation

Having considered Defendant's Bill of Costs, Plaintiff's Objections, Defendant's Response, and the governing case law, the undersigned **recommends** that Plaintiff's Objections [#58] be overruled in part and sustained in part and Defendant be awarded costs in the reduced amount of **$4,681.35**.

### IV. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of November, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE